·(108 App. Div. 52.)

## In re WISE.

(Supreme Court, Appellate Division, Second Department. October 27, 1905.)

ELECTIONS—FORM OF OFFICIAL BALLOTS—INDEPENDENT CANDIDATES.

    Where a body of independent voters entertain the same political views, and desire to nominate a complete ticket of candidates favorable to those views, the persons executing the certificates are to be regarded as one and the same "independent body," and are entitled to have their candidates for various offices appear under one title and emblem on the official ballot.

Appeal from Special Term.

Application of Charles C. Wise to review the determination and acts of the board of elections of the city of New York. From an order of a justice of the Supreme Court affirming the action of the board, the applicant appeals. Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, and MILLER, JJ.

    Isaac M. Kapper (Luke D. Stapleton, on the brief), for appellant. Herbert R. Limburger, for respondents Hearst and others. H. A. Monfort, for respondent Joseph A. Burr.

PER CURIAM. The members of the court are unanimously of the opinion that for the purposes of selecting a name and an emblem for use upon the official ballot the persons executing the certificates which are attacked in this proceeding are to be regarded as one and the same "independent body," within the meaning and intent of the election law. To adopt the contention of the appellant would be to hold that a large body of independent voters, entertaining the same political views, appearing by this record to be acting in harmony, and desiring to nominate a complete ticket of candidates favorable to those views, to be voted for at the approaching election, must have their candidate for Supreme Court Justice under one title and ·emblem on the official ballot, their candidates for mayor, comptroller, and president of the board of aldermen under another title and a different emblem, and each of their candidates for the assembly under a title and emblem of his own. We do not think that the language of the statute justifies or requires an interpretation which would lead to such a result.

It follows that the order appealed from must be affirmed.

Order affirmed, without costs.